UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA MC 23-00018-CJC (DFM) | Date: | December 7, 2023 |
|---|---|---|---|
| Title | 507 Summit LLC et al. v. Roth Capital Partners, LLC | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| Proceedings: | **(IN CHAMBERS)** Order Granting § 1782 Application |
|---|---|

On November 2, 2023, Petitioners 507 Summit LLC and KOA Capital L.P.'s ("Petitioners") filed an Application for Order of Judicial Assistance Pursuant to 28 U.S.C. § 1782. See Dkt. 1 ("Application"). Petitioners seek an order allowing them to take discovery of Respondent Roth Capital Partners, LLC ("Respondent") for use in appraisal proceedings pending in the Grand Court of the Cayman Islands. See id. In support of their Application, Petitioners also filed two declarations, one by Rocco Cecere, see Dkt. 1-2 ("Cecere Decl."), and one by Richard I. Arshonsky, see Dkt. 1-3 ("Arshonsky Decl."). The Court issued a summons on November 8, 2023. See Dkt. 12. Petitioners served the Application on Respondent the following day. See Dkt. 13. Respondent did not file an answer or opposition and has not yet appeared in this case.

For the reasons stated below, the Court GRANTS the application without prejudice to Respondent or any other interested party objecting to or moving to quash the subpoena.

I.  BACKGROUND

Petitioners are shareholders in China Index Holdings Limited ("CIH"), a Cayman Islands company. See Arshonsky Decl., Ex. 7; Cecere Decl., Ex. 1. CIH was a wholly owned subsidiary of another Cayman Islands company called Fang Holdings Limited ("Fang"); both companies' businesses are related to real estate. See Application at 5. In 2019, CIH and Fang separated via a spin-off. See id. (citing Arshonsky Decl., Exs. 11, 17). However, while shares of Fang and CIH traded separately after the spin-off, the two businesses remained intertwined. In particular, (i) the two entities continued to share revenue and operating responsibilities under a Business Cooperation Agreement; (ii) the two entities have balance sheet assets or liabilities owed to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

other; (iii) the two entities share or have shared common board members and management; and (iv) Fang owns shares of CIH and/or has significant voting power over CIH. See Application at 5-6 (citations omitted). Vincent Tianquan Mo is a controlling shareholder of both Fang and CIH. See id. at 6 (citing Arshonsky Decl., Exs. 4-5).

In August 2022, Fang submitted a preliminary, non-binding proposal to CIH's board, proposing to acquire all shares not already controlled by the buy-out consortium in a going-private transaction for $.84 per American Depository Share,[1] to be paid in cash. See Arshonsky Decl., Ex. 13 at 30. CIH's board then passed a resolution establishing a two-member special committee to evaluate the proposal. See id. In or around September 2022, the special committee engaged Gibson Dunn LLP as counsel and Respondent as financial advisor, "to assist the Special Committee in evaluating and negotiating the Proposed Transaction or any alternative transaction." Id. at 31-32. In October 2022, Fang, Mo, and his affiliates entered into a "Consortium Agreement" in relation to the then-contemplated merger transaction. See id. at 31. The consortium members submitted a nonbinding proposal to buy all outstanding Class A and Class B ordinary shares of CIH, including those represented by ADSs, not beneficially owned by the consortium members in a going private transaction. See id. Following negotiations, the consortium "increase[d] the purchase price to US$1.00 per Share or ADS" and indicated that was its "best and final offer." Id. at 35-36.

In December 2022, Respondent rendered an opinion that the merger consideration was "fair, from a financial point of view" to shareholders. See id. at 36. After a "discussion of the terms of the Merger Agreement . . . as well as Roth Capital's presentation of its financial analyses and opinion . . . the Special Committee unanimously resolved to approve" the proposed merger. Id. Afterward, CIH's board approved the merger based on the unanimous recommendation of the special committed. See id. at 36-37. According to the merger documents, Fang or its affiliates would provide the financing needed to consummate the merger. See id., Ex. 12. § 5.12(a). In its fairness opinion, Respondent estimated the required financing to be $15 million. Respondent stated that it believed Fang to be a creditworthy sponsor, in that it "has in excess of $50 million on its balance sheet." See id., Ex. 14. Petitioners assert that this statement gives an understated impression of Fang's likely liquid resources because "[a]s of December 31, 2020, Fang had cash of $409 million and cash equivalents (short term investments) of $91.6 million." See Application at 9 (citing Arshonsky Decl., Ex. 18).

The merger was consummated on April 17, 2023. See Arshonsky Decl., Ex. 15. Petitioners dissented from the merger, and CIH commenced an appraisal proceeding, brought under Section 238 of the Cayman Islands Companies Act, in the Cayman Islands court on July 19, 2023. See

---

[1] CIH's Class A ordinary shares were not directly traded. Rather, American Depository Shares ("ADSs") existed to represent the underlying Class A ordinary shares which are held by a third-party custodian known as a depository. Petitioners were beneficial owners of ADS of CIH; their ADS were later converted to Class A ordinary shares. See Application at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Cecere Decl., Ex. 1. In this appraisal proceeding, the Cayman Islands court will determine the fair value of the dissenting shareholders' shares based on evidence, expert testimony and brief submitted by the parties to the appraisal proceeding (which include Petitioners as dissenting shareholders). See Application at 9.

In their Application, Petitioners seek leave to serve a document subpoena requesting production of (1) all documents Respondent reviewed, received or relied upon in connection with the Fairness Opinion; (2) all communications concerning CIH or Fang during the four-month period it was engaged including those concerning CIH's or Fang's financial condition, the merger or the merger consideration; (3) financial statements of CIH; (4) financial statements of Fang; (5) Respondent's time records in relation to its engagement; and (6) documents concerning Respondent's pursuit or consideration of alternative transactions to the merger. See id. at 10; Arshonsky Decl., Ex. 1. Petitioners also seek leave to depose Respondent concerning the foregoing. See Application at 10.

II.     LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). "The primary purpose of § 1782 is to provide federal-court judicial assistance in gathering evidence for use in a proceeding in a foreign or international tribunal." In re Dubey, 949 F.Supp.2d 990, 991-92 (C.D. Cal. 2013) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004)). "A district court may order a person to produce discovery if three requirements are satisfied: (1) the application is made by a foreign or international tribunal or 'any interested person'; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the person or entity from whom the discovery is sought is a resident of or found in the district in which the application is filed." Id. (citation omitted).

If the three statutory requirements are met, then the Court weighs four discretionary factors to determine whether to grant the application; these include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." Intel, 542 U.S. at 264-66.

    III.    DISCUSSION

        A.  Statutory Requirements

The application meets the statutory requirements set forth in § 1782. First, each Petitioner is an "interested person" because it is a party to the appraisal proceeding pending in the Cayman Islands court. Second, the discovery sought will be used to assist Petitioners in that proceeding, in which the Cayman Islands court will be required to determine the fair value of Petitioners' shares. See Intel, 542 U.S. at 259 (explaining that all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation"). Third, based on Petitioners' submitted evidence, including Respondent's website and its "Statement of Information" filed with the California Secretary of State in 2022, Respondent's headquarters and principal address is in Newport Beach, California. See Arshonsky Decl., Exs. 2-3. Respondent is therefore found within this district.

        B.  Discretionary Factors

Because all statutory factors are met, the Court weighs each discretionary factor. The first factor considers whether a respondent is a participant in the foreign proceedings; when a respondent is a party, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Intel, 542 U.S. at 264. Here, Respondent is not a participant in the Cayman Islands court appraisal proceeding. See Cecere Decl., Ex. 1. Accordingly, this factor weighs in favor of granting the Application.

The second factor considers the nature of the foreign tribunal and its receptivity to the requested discovery. See Intel, 542 U.S. at 264. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [S]ection 1782, courts tend to err on the side of permitting discovery." In re Align Tech., Inc., No. 2:22-mc-00236, 2022 WL 18460717, at *5 (C.D. Cal. Dec. 15, 2022) (citation omitted), report and recommendation adopted, 2023 WL 405316 (C.D. Cal. Jan. 24, 2023). Here, there is no indication that the discovery would be rejected by the Cayman Islands court. On the contrary, Petitioners point to several cases in which federal courts have granted Section 1782 applications and acknowledged the receptiveness of Cayman Islands courts to foreign discovery. See Application at 13-14. This factor therefore weighs in favor of granting Section 1782 discovery.

The third factor considers whether the foreign jurisdiction has proof-gathering restrictions that might be improperly circumvented if the discovery request is granted. See Intel, 542 U.S. at 266. "A perception that an applicant has side-stepped less-than-favorable discovery rules by

resorting immediately to Section 1782 can be a factor in a court's analysis." In re Align Tech., Inc., 2022 WL 18460717, at *5 (citation omitted). Conversely, however, this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." Id. (citation omitted). Here, Petitioners argue that the Cayman Islands courts are receptive to discovery. See Application at 14. Specifically, they contend that there is no prohibition on obtaining nonparty discovery in aid of appraisal proceedings under Section 238 or for use in other civil actions under Cayman law and cites various district court cases recognizing the same. See id. (citations omitted). The Court finds that this factor weighs in favor of granting the Application.

Finally, the fourth factor considers whether the discovery requested is unduly intrusive or burdensome. See Intel, 542 U.S. at 265. Here, the proposed subpoena seeks six categories of documents related to the CIH-Fang merger and seeks to depose Respondent concerning the same. See Application at 10. Petitioners argue that the "discovery sought is limited in scope to documents and information bearing on the value of Petitioners' Class A ordinary shares and the relevant period is limited in temporal scope." Id. at 14. Moreover, as Petitioners point out, it is Respondent who bears the burden of showing that the discovery requested is unduly burdensome. See id. (citation omitted); see also Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966). Given this, the Court finds that this factor weighs in favor of Petitioners. However, Respondent remains free to challenge the intrusiveness of the requests via a motion to quash or modify the subpoena.

IV. CONCLUSION

The Court authorizes discovery pursuant to 28 U.S.C. § 1782. However, the production deadlines included in Petitioners' proposed subpoena are not reasonable considering the scope of discovery sought from Respondent. Accordingly, the Court hereby ORDERS as follows:

1. Petitioners' Application is GRANTED. Petitioners are authorized to take discovery of Respondent by issuing a subpoena seeking the production of documents in the form attached as Exhibit 1 to the Declaration of Richard I. Arshonsky in Support of Application for Order of Judicial Assistance, with the following amendment: "14 days" is replaced with "30 days." The Clerk is directed to issue the amended subpoena ("Subpoena") to Petitioners.

2. Respondent shall produce the documents requested by the Subpoena, to the extent within its possession, custody, or control, within thirty days of entry hereof, or such other date agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the local rules of this district. Entry hereof does not foreclose Respondent from seeking relief under Rules 26 and 45, if appropriate. Any Rule 45 objection shall be served on all parties within fourteen days after entry hereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

3. Respondent shall appear for a Rule 30(b)(6) deposition in compliance with the Subpoena on a mutually agreeable date within a reasonable time after Respondent has confirmed that its production of documents in response to the Subpoena has been completed.

Case 8:23-mc-00018-CJC-DFM   Document 14   Filed 12/07/23   Page 7 of 12   Page ID #:1921

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| 507 SUMMIT LLC and KOA CAPITAL L.P. </br> *Plaintiff* </br> v. </br> ROTH CAPITAL PARTNERS, LLC </br> *Defendant* | ) </br> ) </br> ) Civil Action No. 8:23-mc-00018-CJC-DFM </br> ) </br> ) </br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Roth Capital Partners, LLC
888 San Clemente Drive, Suite 400, Newport Beach, CA 92660

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Schedule B attached hereto.

| Place: Zoom; or alternatively, at Levinson Arshonsky Kurtz & Komsky, LLP, 15303 Ventura Boulevard, Suit 1650 Sherman Oaks, CA 91403 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Within 30 days following the court's order, you shall produce to the undersigned counsel all documents and things that are responsive to the requests set forth in Schedule A hereto in accordance with the definitions and instructions therein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/07/2023

CLERK OF COURT

*/s/ N. Boehme*      OR      _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* 507 Summit LLC and KOA Capital LP , who issues or requests this subpoena, are:
Richard I. Arshonsky, Levinson Arshonsky Kurtz & Komsky, LLP, 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, CA 91403 (919) 382-3434 skurtz@lakklawyers.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:23-mc-00018-CJC-DFM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## Definitions

As used herein, the terms identified below shall be defined as follows:

"ADS" means American Depository Shares each representing one Class A ordinary share of CIH.

"CIH" means China Index Holdings Limited and its directors, officers, employees and agents.

"Evenstar" means Evenstar Master Fund SPC for and on behalf of Evenstar Master Sub-Fund I Segregated Portfolio, Evenstar Special Situations Limited, their subsidiaries and affiliates, and their respective directors, officers, employees and agents.

"Fairness Opinion" means Roth Capital's presentation to the Special Committee dated December 22, 2022, a copy of which is attached as Exhibit (c)(2) to CIH's Amended Schedule 13E-3 filed February 24, 2023.

"Fang" means Fang Holdings Limited and its directors, officers, employees and agents.

"General Atlantic" means General Atlantic Singapore Fund Pte. Ltd. and its subsidiaries affiliates, and their respective directors, officers, employees and agents.

"Merger" means the merger transaction memorialized by the Merger Agreement.

"Merger Agreement" means the Agreement and Plan of Merger dated December 22, 2022 setting forth terms of the short-form merger under Section 233(7) of the Cayman Islands Companies Act, under which CIH Merger Sub Holdings Limited merged into CIH, with CIH being the surviving company and becoming a subsidiary of CIH Holdings Limited.

"Merger Consideration" means any consideration that any of Fang, General Atlantic, Evenstar or their counsel, O'Melveny & Meyers LLP, proposed be paid to any holders of CIH shares or ADS for their shares or ADS, including the $1 per share and $1 per ADS provided under the Merger Agreement that O'Melveny & Meyers LLP proposed be paid on or about December 9, 2022.

"Roth Capital" means Roth Capital Partners, LLC and its managers, officers, employees and agents.

"Special Committee" means the committee of independent and disinterested CIH directors, comprised of Messrs. Jianping Ye and Jason Chenyang Wei.

### Instructions

These requests are intended to and do cover all documents in the possession, custody or control of Roth Capital, except that they do not seek documents that have been produced by CIH in the appraisal proceeding In re China Index Holdings Limited pending before the Grand Court of the Cayman Islands assigned Cause Number FSD 2023-0201.

Unless otherwise specified, each request pertains to the period September 1, 2022 through December 31, 2022.

### Requests

1. All documents Roth Capital reviewed, received or relied upon in connection with the Fairness Opinion.

2. All communications sent or received by Roth Capital concerning CIH or Fang, including all communications concerning:

    (a) the Fairness Opinion, including the discounted cash flow analysis therein,

    (b) CIH's or Fang's financial condition, including management projections thereof,

    (c) the Merger, or

    (d) the Merger Consideration.

For the avoidance of doubt, this request covers internal communications, and communications between or among Roth Capital and any of the Special Committee, CIH, Fang, General Atlantic, Evenstar or their respective counsel, including Gibson, Dunn & Crutcher LLP and O'Melveny & Meyers LLP concerning the above-described matters.

3. All financial statements of CIH for the 2020, 2021, 2022 and 2023 fiscal year or any portion thereof.

4. All financial statements of Fang for the 2020, 2021, 2022 and 2023 fiscal year or any portion thereof.

5. Roth Capital's time records in relation to its engagement by the Special Committee, including narrative descriptions of the services performed.

6. Documents sufficient to reflect Roth Capital's pursuit or consideration of alternative transactions to the Merger.

# SCHEDULE B

## Deposition Topics

The definitions in Schedule A are incorporated herein by reference. You shall testify concerning:

1. All documents produced by Roth Capital in response to this subpoena, and the method by which they were identified, collected and reviewed for production.

2. The Fairness Opinion, including the discounted cash flow analysis therein,

3. CIH's or Fang's financial condition, including management projections thereof or their financial statements.

4. The Merger.

5. The Merger Consideration.

6. Services rendered by Roth Capital for the Special Committee, including its pursuit or consideration of alternative transactions to the Merger.